DAVID D'AMICO *v.* CLIFFORD J. WILLIS,
CHIEF OF POLICE OF THE CITY OF NEW BRITAIN
(4762)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued October 14—decision released December 29, 1987

*Joseph E. Skelly, Jr.,* for the appellant (defendant).

*F. Gina Gelb,* with whom, on the brief, was *Joan K. Alexander,* legal intern, for the appellee (plaintiff).

SPALLONE, J. The defendant chief of police for the city of New Britain appeals from the judgment of the trial court granting a writ of mandamus. The plaintiff has been the full-time dog warden of the city of New Britain since 1976, and is a civilian member of the New Britain police department. In his appeal, the defendant claims that the trial court erred in granting the writ of mandamus because (1) a writ of mandamus is an extraordinary remedy available only in limited circumstances, (2) the plaintiff did not have a clear legal right to a writ of mandamus, (3) the defendant did not have a mandatory duty to perform the act ordered by the writ of mandamus, and (4) mandamus is only available to compel an act which is ministerial in nature. He also claims that the court erred in requiring him to testify concerning the reasons why he refused to act as requested by the plaintiff. We find error in the trial court's granting of the writ of mandamus and therefore need not address the defendant's second claim of error.

The following relevant facts are not in dispute. In September, of 1983, the plaintiff became enrolled in the municipal police training academy (academy), pursuant to a directive issued by the defendant. At the time the defendant issued this order, he believed the plaintiff's successful completion of training at the academy was required by General Statutes § 7-294d.[1] The plain-

---

[1] "[General Statutes] Sec. 7-294d. POWERS OF COUNCIL. CERTIFICATION OF POLICE OFFICERS. CANCELLATION OR REVOCATION OF CERTIFICATION. AUTOMATIC CERTIFICATION. PART-TIME POLICE OFFICERS. INAPPLICABILITY TO STATE POLICE. (a) The municipal police training council shall have the following powers: . . .

"(11) To establish minimum educational and training standards for employment as a police officer in full-time positions, temporary or probationary positions and part-time or voluntary positions . . . .

tiff attended the academy for approximately twelve to fourteen weeks, and successfully completed 440 hours of training. In order to qualify for certification by the municipal police training council (MPTC), however, the plaintiff was required to engage in an additional forty hours of in-house, practical training with the New Britain police department.

Following his return from the academy, the plaintiff requested that he be allowed to participate in the in-house training so as to complete his course requirements and receive his diploma. His repeated requests were refused. The defendant subsequently informed the plaintiff that he would not authorize completion of the training because he had been informed that dog wardens were *not* required by statute to be MPTC certified. The plaintiff then brought this action for a writ of mandamus. After a trial, the court rendered judgment granting the issuance of the writ.

"(b) No person may be employed as a police officer by any law enforcement unit for a period exceeding one year unless he has been certified under the provisions of subsection (a) of this section or has been granted an extension by the council. . . .

"(e) The provisions of this section shall apply to any person who performs police functions for twenty or more hours per week. The council shall establish criteria for situations in which the certification process required by this section shall apply to part-time police officers. . . ."

Many of the terms used above are defined in General Statutes § 7-294a. That statute provides in relevant part: " 'certification' means the issuance by the municipal police training council to a police officer of a signed instrument evidencing satisfaction by such police officer of the training requirement imposed by section 7-294d and signed by the council . . . 'law enforcement unit' means any agency, organ or department of this state or a subdivision or municipality thereof, whose primary functions include the enforcement of criminal or traffic laws, the preservation of public order, the protection of life and property, or the prevention, detection or investigation of crime; 'police officer' means a sworn member of an organized local police department, an appointed constable who performs criminal law enforcement duties, a special policeman appointed under section 29-18, 29-18a or 29-19 or any member of a law enforcement unit who performs police duties twenty or more hours per week . . . ."

The Superior Court is empowered to issue a writ of mandamus "in any case in which a writ of mandamus may by law be granted." General Statutes § 52-485 (a). "It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law. *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 717, 427 A.2d 866 (1980)." *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984); see also *Carruthers* v. *Vumbacco,* 4 Conn. App. 168, 172, 493 A.2d 259 (1985).

We conclude that the plaintiff, as a dog warden, does not have an absolute, clear legal right to training and to certification by the MPTC. This conclusion is based on our analysis of General Statutes § 22-331 (a).[2] This statute clearly provides that any requirements for education and training normally imposed on members of

---

[2] General Statutes § 22-331 provides in pertinent part: "(a) In each municipality of the state having a population of more than twenty-five thousand which has adopted the provisions of chapter 113, or otherwise provided for a merit system for its employees, the chief of police or such other appointing authority as the charter may designate shall, subject to the provisions of said chapter 113 or other merit system, appoint a full-time warden and such assistants as are deemed necessary to administer and enforce the laws relating to dogs. *Any person so appointed may be or become a member of the police department and for such purpose the legislative body of such municipality may waive any requirements as to age, sex, physical condition, education and training applicable to other members of the police department. . . .*" (Emphasis added.)

Although the transcript reveals that the existence of this statute was mentioned during the trial, it was done so perfunctorily and the trial court's memorandum of decision neither addresses the applicability of the statute to this case nor discusses the ramifications of its provisions on the issuance of the writ of mandamus. Nevertheless, we find the preliminary requirements of § 22-331 (a) to be met and, hence, conclude that the statute is applicable to this case. We take judicial notice of the facts that the city of New Britain has a population of more than twenty-five thousand; Con-

a municipal police department can be waived for one who holds the position of dog warden. It reasonably and logically follows that if training may be waived by the plaintiff's employers, the plaintiff does not have a clear legal right to complete his MPTC training and, therefore, a writ of mandamus cannot issue. " 'The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance.' *West Hartford Taxpayers Assn., Inc.* v. *Streeter,* 190 Conn. 736, 740, 462 A.2d 379 (1983); *Cheshire Taxpayers' Action Committee, Inc.* v. *Guilford,* 193 Conn. 1, 5, 474 A.2d 97 (1984); see *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 481, 447 A.2d 1 (1982); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975)." *Echo Four* v. *Hill,* 3 Conn. App. 118, 125, 485 A.2d 926 (1985).

Accordingly, we hold that, because the plaintiff had no legal right to MPTC training and the defendant had no legal obligation to provide same, the trial court's findings and conclusions to the contrary were clearly erroneous. We do not believe that this holding in any way contravenes the intent of the legislature in passing General Statutes § 7-294a et seq. Although those provisions clearly express the intent to require that those municipal employees who perform "police duties twenty or more hours per week" be trained and certified by the MPTC, § 22-331 (a) just as clearly provides an exception to that requirement for municipal dog wardens. We must assume that when § 7-294a et seq. were enacted in their present form in 1982, the legislature was fully aware of the contents of § 22-331 and

was cognizant of its interaction with § 7-294d. " 'The presumption is that the legislature, in adopting an act, does so in view of existing relevant enactments and with the intention that the act be read with them so as to make one consistent body of law.' *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420 (1955). . . ." *Drisdelle* v. *Hartford,* 3 Conn. App. 343, 345–46, 488 A.2d 465, cert. denied, 196 Conn. 801, 491 A.2d 1104 (1985).

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment for the defendant denying the application for a writ of mandamus.

In this opinion the other judges concurred.