VERONICA RILEY *v.* CITY OF BRIDGEPORT
(7681)

FOTI, CRETELLA and LANDAU, Js.

Argued May 9—decision released July 24, 1990

*Burton M. Weinstein,* for the appellant (plaintiff).

*Thomas K. Jackson,* associate city attorney, for the appellee (defendant).

LANDAU, J. The plaintiff appeals from the judgment of the trial court denying (1) a writ of mandamus to direct the defendant to place her on the permanent civil service roster, and (2) her alternative request to enjoin the defendant from compelling her to take the civil service examination either permanently or until a final decision is rendered on her pending arbitration. The plaintiff claims that the trial court should not have found that neither remedy was warranted in this case. The plaintiff also argues that she was unconstitutionally deprived of her equal protection rights. The plaintiff's claims are without merit. Accordingly, we affirm the trial court's judgment.

The plaintiff, an accounting clerk, was first hired by the defendant as a Comprehensive Employment Training Act (CETA) employee in February, 1975. In April, 1982, the plaintiff's status was changed to provisional civil service employee. She signed a provisional declaration sheet on August 13, 1982, acknowledging that her provisional appointment had to be approved by the civil service commission (commission), and that her employment was terminable either upon the establish-

ment of an appropriate examination list or at the discretion of the appointing authority. By letter dated January 29, 1988, the commission informed the plaintiff that her employment would likely be terminated unless she met the certification requirements after taking the open competitive examination for the Accounting Clerk I position. The letter further stated that the application deadline for the March 12, 1988 exam was March 1, 1988.

On February 4, 1988, the plaintiff filed a grievance against the defendant with her union, the National Association of Government Employees union, seeking a resolution whereby she would be exempted from taking the test and her employment status would be changed from provisional to permanent. She also filed an appeal with the commission to grant her certification as a permanent employee based on her work experience. This appeal was denied on February 22, 1988.

On March 14, 1988, the plaintiff filed with the Superior Court a motion temporarily to enjoin the defendant from holding the examination, and the present action followed. The motion for a temporary injunction was dismissed as moot because the March 12 examination date had passed. In early March, the plaintiff also submitted an application with the commission to take the examination. By a letter dated March 11, 1988, she was informed that her application would not be accepted because it was not timely filed.

Before reaching the merits, we must first address the preliminary issue of whether the trial court had subject matter jurisdiction over this case given that the plaintiff had filed a grievance to have her dispute arbitrated under the collective bargaining agreement in force between the defendant and the union. Even though the Superior Court has concurrent jurisdiction with the state board of labor relations in certain labor

disputes, once a plaintiff elects to utilize the administrative process, she is thereafter constrained to exhausting the remedies available in the manner prescribed and may not initiate an independent civil action to adjudicate the same issues. *Cianci* v. *Connecticut Counsel, AFSCME,* 8 Conn. App. 197, 201–202, 512 A.2d 232 (1986). If, however, the dispute in question involves a nonarbitrable matter, the court retains jurisdiction to hear the case irrespective of any attempt by a plaintiff to avail herself of the administrative route. The various matters empowered to a municipal civil service commission under General Statutes § 7-474 (g) are not subject to collective bargaining. *D'Agostino* v. *New Britain,* 7 Conn. App. 105, 110, 507 A.2d 1042, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986); see also *Haggerty* v. *Parniewski,* 11 Conn. App. 37, 41, 525 A.2d 984 (1987). Here, because the plaintiff had no administrative remedy, the merits of the plaintiff's request for certain equitable relief was properly reached.

The prerequisites that the plaintiff must establish for the extraordinary remedy of mandamus to issue are well settled. First, there must be no other adequate remedy; second, the law must impose a mandatory duty on the defendant; and, third, the plaintiff must have a clear legal right to have that duty performed. See *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 480, 447 A.2d 1 (1982); *D'Amico* v. *Willis,* 13 Conn. App. 124, 127, 534 A.2d 1248 (1987), cert. denied, 207 Conn. 803, 540 A.2d 73 (1988). The issuance of the writ is discretionary. *West Hartford Taxpayers Assn., Inc.* v. *Streeter,* 190 Conn. 736, 740, 462 A.2d 379 (1983).

We decline to disturb the trial court's finding that the plaintiff has failed to establish that she has a clear legal right to circumvent the competitive examination procedures. The policy behind competitive civil service examinations is to fill positions on the basis of merit

and fitness. See *Cassella* v. *Civil Service Commission,* 202 Conn. 28, 34–35, 519 A.2d 67 (1987); *State* v. *AFSCME,* 13 Conn. App. 461, 466–67, 537 A.2d 517 (1988). The plaintiff argues that the defendant waived its test requirements with regard to her. This issue need not be addressed because the trial court found that the plaintiff has failed to demonstrate that she has a clear legal right to a permanent appointment. This finding is supported by the evidence and we see no reason to disturb it.

With regard to the plaintiff's alternative request for injunctive relief, we will not disturb the court's finding that the plaintiff failed to demonstrate actual or immediate damage. See *Everett* v. *Pabilonia,* 11 Conn. App. 171, 178, 526 A.2d 543 (1987).

The plaintiff's final claim is that she was denied her right of equal protection of the law under the federal and state constitutions. She is not challenging a legislative classification scheme; see, e.g., *Franklin* v. *Berger,* 211 Conn. 591, 594–97, 560 A.2d 444 (1989); but rather is claiming that she was subjected to disparate treatment compared to other untested permanent civil service employees who filed similar Superior Court actions. While the boundaries for which colorable equal protection claims may be asserted have no doubt expanded since the enactment of the fourteenth amendment, the plaintiff here has ventured into an area of discrimination that is afforded no such constitutional protection.

The judgment is affirmed.

In this opinion the other judges concurred.