[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, the Board of Finance of the City of Stamford, and its commissioner, Paul Pacter, have moved to dismiss this action which seeks an order of mandamus. The plaintiffs are the personnel director, the tax assessor, the deputy commissioner of public works, and the labor negotiator for the city. They seek an order directing the defendants to award them certain pay increases as approved by the city's Personnel Appeals Board.
The motion to dismiss is based on the claim by the defendants that the Personnel Appeals Board did not have the authority or jurisdiction to award pay increases to the four plaintiffs.
A motion to dismiss based on lack of subject matter jurisdiction, Practice Book 143(1), can be granted only if this court lacks ". . . competence to entertain the action before it." Monroe v. Monroe,177 Conn. 173, 185, 413 A.2d 819 (1979).
An action of mandamus is within the jurisdiction of the Superior Court and therefore this court does not lack subject matter jurisdiction. See Riley v. Bridgeport, 22 Conn. App. 402, 405, 577 A.2d 1099 (1990).
In addition, the parties disagree on what I believe will be the key issue in this case, and that is whether the action of the Board of Finance denying retroactive raises to these plaintiffs is "disciplinary" CT Page 61 in nature. Under the current Stamford charter the Personnel Appeals Board's jurisdiction is limited to disciplinary actions, and this Board found that the failure of the defendants to appropriate funds for raises for the plaintiffs was in fact disciplinary, because all other employees, both union and non-union, were granted similar raises. This issue cannot be resolved within the context of a motion to dismiss, but rather I believe necessitates discovery and further briefing, and most likely can be decided by way of summary judgment at the proper time.
For both of these reasons, the motion to dismiss is denied.
SO ORDERED.
Dated at Stamford, Connecticut this third day of January, 1991.
LEWIS, J.