[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Public Works Union, Local 134 ("Union"), the plaintiff herein, is the bargaining representative for certain employees of the Public Works Department of the defendant Town of Stratford ("Town"). A settlement agreement was entered into by the Union and the Town on July 16, 1990, pursuant to which the Union agreed to withdraw a prohibited practice complaint pending before the Connecticut State Board of Labor Relations ("Board"), and the Town agreed that: "no bargaining unit member shall be laid off as a result of subcontracting work customarily performed by bargaining unit members" and that "no bargaining unit member shall be laid off if temporary employees are performing work customarily performed by bargaining unit members." The Settlement Argument is attached to the complaint as Exhibit "A". CT Page 7025
The Union brings this action against the Town for mandamus, permanent injunction and monetary damages for alleged violations of this July 1990 agreement. Plaintiff also alleges that defendant, by refusing to comply with the agreement, violated General Statutes 7-470(a)(6).[1]
The defendant moves to dismiss this action on the ground that the plaintiff's failure to exhaust administrative remedies deprives this court of subject matter jurisdiction at this time. In support of its motion, defendant has appended to its memorandum of law a copy of a complaint (case number MPP-13,250) filed by the plaintiff with the Board on September 25, 1990, approximately six months prior to the commencement of the action pending in this court. Said complaint was consolidated with four subsequent complaints brought to the Board by plaintiff alleging conduct by defendant which violates the July 1990 settlement agreement.
Plaintiff acknowledges in its complaint in the action at bar that it "has filed a complaint about the breach of the settlement agreement with the Connecticut State Board of Labor Relations. . . ." The plaintiff also states in its memorandum in opposition to the motion to dismiss that hearings before the Board are ongoing, the fourth hearing to be held on September 18, 1992.
The defendant argues that the failure to comply with a settlement agreement arising out of the withdrawal of a prohibited practice complaint is within the jurisdiction of the Board and cites General Statutes 7-470 for that proposition. It further argues that when a party elects initially to proceed before the Board, the party must exhaust its administrative remedies and cannot commence a civil action in Superior Court.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983); Practice Book 142. The subject matter jurisdiction of the court may be challenged at any time; Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987); and cannot be waived; Practice Book 145.
"Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Castro v. Viera, 207 Conn. 420,427, 541 A.2d 1216 (1988). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without CT Page 7026 regard to its previous rulings." Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 557, 529 A.2d 666 (1987). The exhaustion of administrative remedies doctrine implicates subject matter jurisdiction. Pet v. Department of Health Services, 207 Conn. 346, 351, 542 A.2d 672 (1988).
The Superior Court and the Board have concurrent jurisdiction in certain labor disputes. Riley v. Bridgeport,22 Conn. App. 402, 404-05, 577 A.2d 1099 (1990); Cianci v. Connecticut Counsel, AFSCME, 8 Conn. App. 197, 201, 512 A.2d 232
(1986). See also Fetterman v. University of Connecticut,192 Conn. 539, 556-57, 473 A.2d 1176 (1984) (remedy available to plaintiff through state board of labor relations not exclusive, and trial court erred in dismissing claim as subject matter jurisdiction ground). Nevertheless, "once a plaintiff elects to utilize the administrative process, [he or] she is thereafter constrained to exhausting the remedies available in the manner prescribed and may not initiate an independent civil action to adjudicate the same issues." Riley, supra, 405, citing Cianci, supra, 201-02. If the Board does not have jurisdiction over the labor dispute, then "the court retains jurisdiction to hear the case irrespective of any attempt by a plaintiff to avail [himself or] herself of the administrative route." Riley, supra, 405.
The Board has jurisdiction over a matter arising from the alleged violation(s) of a settlement agreement, which was entered into as the result of a prohibited practice complaint, pursuant to General Statutes 7-470(a)(6) and 7-471(5) (formerly 7-471(4); renumbered in Conn. Pub. Acts No. 91-255, 2 (January Sess. 1991)) (questions arising concerning prohibited practices shall be considered by Board).
The issues before the Board and the matters raised in plaintiff's complaint all arise from the alleged failure of the defendant to comply with the July 1990 settlement agreement. Plaintiff does not dispute this. Thus, since plaintiff initiated its complaint with the Board prior to commencing an action in this court, the court has no alternative but to dismiss this action under the precedent established by Riley and Cianci, supra.
Finally, plaintiff argues that the defendant's presence at the hearing on plaintiff's motion for temporary restraining order, held on April 15, 1991 (Thim, J., presiding), at which a stipulated agreement between the parties was entered into the record, precludes the defendant at this time from raising subject matter jurisdiction. The parties cannot waive subject matter jurisdiction. Practice Book 145; Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985). CT Page 7027
As stated above, a court is bound to dismiss an action when it determines that it lacks subject matter jurisdiction, notwithstanding any previous rulings. Concerned Citizens of Sterling, supra, 557. Thus, defendant is not empowered to waive the lack of subject matter jurisdiction of this court, nor does the stipulated agreement of the parties change this rule of law.
The dismissal of this action necessarily voids the stipulated agreement between the parties entered on April 15, 1991. The plaintiff, however, may seek similar relief from the Board pursuant to General Statutes 7-471(5)(E). (formerly7-471(4)(E)) ("If, by the thirtieth day following the date on which a complaint citing a violation of section 7-470 was made to the board, said board has not determined whether a prohibited practice has been or is being committed and if the violation is of an ongoing nature, said board may issue and cause to be served on the party committing the act or practice cited in such complaint an order requiring such party to cease and desist from such act or practice until said board has made its determination").
Defendant's motion to dismiss is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 24th day of July, 1992
WILLIAM B. LEWIS, JUDGE