[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 10, 1995, the plaintiff brought an action of mandamus to compel the defendant, a court clerk, to dismiss criminal charges pending against him. The plaintiff alleges the following facts. On May 3, 1994, the plaintiff's prior conviction was reversed and the case was remanded to the trial court.[1] On July 13, 1994, the plaintiff filed a letter requesting a speedy trial pursuant to General Statutes § 54-82c(a). On April 28, 1995, the plaintiff filed a letter requesting an order of dismissal pursuant to § 54-82d. The plaintiff alleges that the defendant, who is the deputy clerk assigned to his case, has a duty as a public servant to enter the order of dismissal. The plaintiff requests the court to order the defendant to dismiss the pending charges.
The defendant filed a motion to dismiss the action of mandamus. The defendant argues that the court has no subject matter jurisdiction to issue a writ of mandamus because General Statutes § 54-82d[2] makes no reference to a clear legal duty of the court clerk to dismiss a case.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "`Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. Restatement (Second) Judgments § 11.' Craig v. Bronson, 202 Conn. 93, 101,520 A.2d 155 (1987)." Lewis v. Gaming Policy Board, 224 Conn. 693,698, 620 A.2d 780 (1993). "`The question of [subject matter jurisdiction] does not involve an inquiry into the merits of the case.' Reitzer v. Board of Trustees of State Colleges,2 Conn. App. 196, 200, 477 A.2d 129 (1984)." Davis v. Board ofEducation, 3 Conn. App. 317, 320, 487 A.2d 1114 (1985).
A writ of mandamus is proper "only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no specific adequate remedy." Bahramian v. Papandrea, 184 Conn. 1, 3, 440 A.2d 777
(1981).
The Connecticut Supreme Court has held that "[i]t is doubtful whether the disagreement about the discretionary or CT Page 12510-P mandatory nature of the defendant's duties implicates a court's subject matter jurisdiction, especially when it is recognized that mandamus will lie, even if the exercise of an official's duty involves discretion, so long as the existence of the duty is ministerial. Chamber of Commerce of GreaterWaterbury, Inc. v. Murphy, 179 Conn. 712, 718-19, 427 A.2d 866
(1980); State ex rel. Golembeske v. White, 168 Conn. 278, 284,362 A.2d 1354 (1975); State ex rel. Foote v. Bartholomew,103 Conn. 607, 615, 132 A. 30 (1925). A trial court that has the competency to adjudicate what duties can be compelled by mandamus has subject matter jurisdiction." ConnecticutPharmaceutical Ass'n, Inc. v. Milano, 191 Conn. 555,468 A.2d 1230 (1983).
Citing Connecticut Pharmaceutical, the superior court held that "[t]he determination of whether the duty sought to be compelled is of a discretionary nature does not implicate subject matter jurisdiction as this determination would also necessitate inquiry into the merits of the case." Quoka v.Drapko, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036714, 8 Conn. L. Rptr. 44 (1992).
Furthermore, the superior court has also held that the argument that a public officer has acted within its discretion "do[es] not relate to the subject matter jurisdiction of this court. Rather, th[is] argument relate[s] to either the legal sufficiency of the complaint or the merits of the plaintiff's claim. . . . [P]ursuant to Practice Book § 142, a motion to dismiss may only be used to contest jurisdiction, and `[a] predication that the plaintiff will not ultimately prevail on the merits of their mandamus action does not support a conclusion that the court is without jurisdiction to hear the matter.'" Anderson v. Bloomfield Board of Education,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396708 (1994).
The defendant contends that the court lacks subject matter jurisdiction because there was no clear legal duty for her to act. Similar to the issue of whether a duty is ministerial or discretionary, the issue of whether any duty exists in the defendant relates to either the legal sufficiency of the complaint or the merits of the plaintiff's claim. This issue is not properly raised on a motion to dismiss because it does not implicate the court's jurisdiction over the subject matter. Unlike Unlike a federal court acting CT Page 12510-Q under Rule 12(b) of the Fedeal [Federal] rules of Civil Procedure, this court is not license to treat the dfendant's [defendant's] motion to dismiss as a motion for summary judgment, even in the interests of judicial expediency. Cf. Fattibene v. Kealey, 18 Conn. App. 344,356, 558 A.2d 677 (1989). Therefore, the motion to dismiss is denied.