[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On March 14, 1996, the State of Connecticut filed an application to vacate an arbitration award pursuant to provisions of the State Employees Relations Act (SERA), General Statutes § 5-276a(e)(6) as well as General Statutes § 52-418 (a) alleging the following facts. The State and the named defendant, the Connecticut Employees Union Independent, Inc. (union), entered into a collective bargaining agreement covering the period from July 1, 1991 to June 30, 1994. This agreement contained a "wage reopener provision" for the last year of the contract, 1993-1994. Negotiations on the wage reopener reached an impasse and the matter proceeded to statutory interest arbitration pursuant to General Statutes § 5-276a. On January 18, 1995, the General Assembly rejected the arbitrator's award CT Page 9349 due to insufficient funds. The matter was returned to the parties for further bargaining.
Again, the negotiations reached an impasse and the matter was resubmitted for arbitration. After the arbitration hearing, the parties submitted their last best offers. The State alleges that the union's offer failed to address the unresolved issue of the wage reopener for 1993-1994 and introduced a new issue into the arbitration in violation of General Statutes § 5-267a(e)(3). Specifically, the State claims that the offer made by the union invoked the fiscal year of 1995, when the reopener provision was limited to 1993-94.
On February 16, 1996, the arbitrator issued his award accepting the union's last best offer. The State alleges that the award was procured by undue means and in making such an award, the arbitrator exceeded his powers or imperfectly executed them. The State alleges further that the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. Specifically, the State alleges that the award should be vacated because: (1) the award fails to draw its essence from the contract; (2) the union's last best offer was not responsive and should have been rejected; (3) the award fails to resolve the disputed issue; (4) the award is not within the reopener provision; (5) the arbitrator has exceeded his statutory authority; (6) the award is in violation of law because it disregards the reopener language of the subject contract for 1991-94; (7) the award is indefinite; and (8) the arbitrator was unfaithful to its charge.
On April 15, 1996, the union filed this motion to dismiss the State's application on the ground that this court lacks subject matter jurisdiction accompanied by various documents, including a copy of a complaint made by the State to the State Board of Labor Relations (labor board), dated February 29, 1996. In that complaint, the state claims that the union engaged in and is engaging in prohibited practices within the meaning of General Statutes § 5-272, specifically, the State claims that the union's last best offer is outside the parameters of the reopener provision and/or the issues submitted to the arbitrator because the offer does not concern the last year of the agreement, 1993-94. The State asserts that the union's offer was an act of bad faith bargaining in violation of General Statutes § 5-272
(b)(4). Accordingly, the State requests that the union cease and desist its practice, reimburse the State for all costs and CT Page 9350 expenses incurred in the arbitration proceeding, subsequent court action and the instant complaint, and that the labor board grant any other remedy deemed appropriate. This complaint before the labor board is still pending.
The union has submitted a copy of House Bill No. 18, March 19, 1996, which was the roll call/vote tally sheet for the arbitration award, indicating that the legislature approved the award.
— I —
The union argues that the court lacks subject matter jurisdiction over the State's application because the State has failed to exhaust all of its administrative remedies in the pending complaint before the labor board, which was commenced before this application to vacate.
The State argues that the complaint to the labor board and the instant application to vacate address different issues, since the complaint challenges the conduct of the union, while this application to vacate the award challenges the conduct of the arbitrator. Moreover, the State contends that the labor board may not review the conduct of the arbitrator nor may it vacate the award.
— II —
In Connecticut, the labor board and the superior court have concurrent jurisdiction over certain labor disputes. Fetterman v.University of Connecticut, 192 Conn. 539, 556-57 (1984). Where, however, the plaintiff initiates an administrative remedy, it is constrained to exhaust that remedy and may not "bring an independent action to test the very issue which the statutory appeal was designed to test." Cianci v. Connecticut Counsel,AFCSME, 8 Conn. App. 197, 201-02 (1986). See Riley v. Bridgeport,22 Conn. App. 402, 404-05 (1990).
However, we conclude that the State is not constrained to exhaust its administrative remedies before bringing the instant application for two reasons. First, the two actions are not testing the same issues and therefore, the State is not precluded from commencing the second independent action. Second, the administrative procedure initiated by the State in the first complaint does not provide it with adequate relief. CT Page 9351
— III —
While the decisions in both Cianci and Riley supra indicate that once the plaintiff appeals to the labor board, it may not bring an independent action to test the same issues, here two separate issues are being tested.
In its complaint to the labor board, the State is claiming that the union engaged in a prohibited practice by refusing to bargain in good faith, in violation of General Statutes §5-272(a)(4). In its application to the court, the State alleges that the arbitrator's award should be vacated because the arbitrator acted in violation of General Statutes §§5-276a(6)(A-F) and 52-418 (a)(1-4). This action turns on the conduct of the arbitrator.
Because each action turns on the conduct of separate parties, two separate issues are involved and the rule of exhaustion set forth in Cianci does not apply. Thus, because the court has concurrent jurisdiction with the labor board; Fetterman v.University of Connecticut, supra, 192 Conn. 556-57; the union's argument that the court lacks jurisdiction because the State failed to exhaust its administrative remedies is without merit.
— IV —
Where the administrative relief is inadequate or futile, the administrative process may be bypassed. Norwich v. NorwalkWilbert Vault Co., 208 Conn. 1, 4 (1988). "An administrative remedy is futile or inadequate if the agency lacks the authority to grant the requested relief." Payne v. Fairfield HillsHospital, 215 Conn. 675, 680 n. 3 (1990).
General Statutes § 5-274 provides that the labor board shall consider claims of prohibited practices committed by an employer or employee organization. This section, however, has no provision for labor board review of an arbitrator's action. Furthermore, General Statutes § 5-276 (6) provides that if the legislature does not reject the arbitrator's award, it becomes final and binding upon the parties, "except that a motion to vacate or modify such award may be filed in the judicial district of Hartford within thirty days following the receipt of such award." Therefore, pursuant to SERA (General Statutes §§5-270 to 5-280), the only method for reviewing the arbitrator's CT Page 9352 award is a motion to vacate or modify filed in the superior court. Accordingly, we conclude that the labor board has no authority to review the arbitrator's conduct and therefore exhaustion of administrative remedies was not necessary.
Furthermore, without the review of the arbitrator's conduct, the State may be denied appropriate relief. The only issue before the labor board is whether the union acted in bad faith. If the labor board determines that the union bargained in good faith, then the State will not be entitled to administrative relief, but such determination should not preclude the vacation of the arbitration award, if the award is invalid due to the conduct of the arbitrator. Moreover, the validity of the arbitration award does not turn on the good faith bargaining of the union. Because the court may provide the State with appropriate relief that is not available from the labor board, the administrative remedy is not adequate and need not be exhausted.
— V —
The union also raises several other arguments in support of its motion to dismiss. The union argues that this court lacks subject matter jurisdiction because the labor board has primary jurisdiction. The supreme court, however, has ruled that the court and the labor board have concurrent jurisdiction. Fettermanv. University of Connecticut, supra, 192 Conn. 556-57.
The rest of the union's arguments all center on the fact that the arbitration award was approved by the legislature. The union contends that because the legislature approved the award, it is now binding and in effect, and as a result 1) there is no justiciable issue; 2) the court's review of the award would violate the separation of powers doctrine; 3) the plaintiff has no standing to bring this application; 4) the plaintiff has no aggrievement; 5) the court has no authority to review the award; and 6) the plaintiff's claim is moot.
These arguments advanced by the union are meritless in the face of General Statutes § 5-276a(e)(6), which provides that, "[t]he award of the arbitrator shall be final and binding upon the employer and the designated employee organization unless rejected by the legislature . . ., except that a motion to vacate or modify such award may be filed in the superior court for the judicial district of Hartford within thirty days following receipt of such award. The court, after hearing, may vacate or CT Page 9353 modify the award if substantial rights of the party have been prejudiced. . . ." (Emphasis added.)
We conclude that the plaintiff has statutory authority to bring this application after the legislature approves it and that the court has the authority to review the application. Accordingly, the union's argument that the legislature's approval of the arbitration award deprives this court of subject matter jurisdiction is without merit.
Defendant's Motion to Dismiss is denied.
Jerry Wagner Judge Trial Referee