[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 13, 1996, the plaintiff filed a motion for temporary order of mandamus with a one-count complaint alleging the facts as set forth hereinafter. The plaintiff filed a site plan application with the Planning Commission of the City of Meriden on November 21, 1994. On February 17, 1995, two members of the commission and Enrico Buccilli, whose status as a member on that date is in question, met and denied the plaintiff's application. The plaintiff claims that the denial was improper and constituted a failure to act on the application. As a result, the plaintiff alleges that there has been inferred approval of the application under General Statutes § 8-3 (g) and thus moves for a writ of mandamus ordering the commission and Dominick Caruso, Planning Director of Meriden ("the defendants"), to issue a notice of approval.[1]
The defendants appeared on October 10, 1996 and filed a motion to dismiss on October 17, 1996. The plaintiff filed a brief in opposition to the motion to dismiss on November 4, 1996. The defendants filed a reply to the plaintiff's brief in opposition on November 13, 1996.
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 7016 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of Old Saybrook, 225 Conn. 177,185, 621 A.2d 1322 (1993). "[T]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). The court does not have subject matter jurisdiction in the absence of standing. Gay and Lesbian Law Students v. Board ofTrustees, 236 Conn. 453, 465 n. 8, ___ A.2d ___ (1996).
The defendants move to dismiss on the grounds that the plaintiff lacks standing and that the court does not have subject matter jurisdiction. The defendants argue that the plaintiff "improperly attempts by its mandamus action to determine the title or right of Planning Commissioner Buccilli to hold, and to exercise the functions of, office." Defendants' Motion to Dismiss, p. 2. The defendants, citing Duane v. McDonald,41 Conn. 517, 520 (1874), argue that the "Court has no jurisdiction in a mandamus action to grant the relief sought by the Plaintiff" because the proper vehicle to determine office is a complaint in the nature of quo warranto. Id. The defendants further argue that the plaintiff does not have standing to challenge Mr. Buccilli's title to office.
The plaintiff contends that it is not attempting to determine Mr. Buccilli's right to office. Rather, the plaintiff argues that it is bringing an action "for mandamus based on inferred approval as a matter of law of a site plan." Plaintiff's Brief in Opposition, p. 2. The plaintiff further argues that the defendants have failed to put forth grounds for a motion to dismiss based on lack of subject matter jurisdiction.
In its reply to the plaintiff's brief, the defendants argue that the court lacks subject matter jurisdiction because the plaintiff's underlying basis for its claim of inferred approval would require the court to consider whether the meeting of February 17, 1995 constituted action on the plaintiff's application. The defendants also argue that the court does not have jurisdiction because the granting of the writ would result in a violation of law or public policy. CT Page 7017
The arguments put forth by the defendants do not go to jurisdiction and thus are not proper bases for a motion to dismiss. The issues raised by the defendants pertain to the merits of the complaint or the legal sufficiency of the complaint, not the subject matter jurisdiction of the court. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grantv. Bassman, 221 Conn. 465, 470, 604 A.2d 814 (1992).
The superior court has the power to issue a writ of mandamus under General Statutes § 52-485. D'Amico v. Willis, 13 Conn. App. 124,127, 534 A.2d 1248 (1987). The defendants argue that the court cannot grant the motion for mandamus without considering matters related to the legality or existence of action at the February 27, 1995 meeting; this is in effect a claim that the defendants do not have a clear duty to approve the application. "[T]he issue of whether any duty exists in the defendant," however, "relates to either the legal sufficiency of the complaint or the merits of the plaintiff's claim. This issue is not properly raised on a motion to dismiss because it does not implicate the court's jurisdiction over the subject matter."Miller v. Reck, Superior Court, judicial district of Fairfield, Docket No. 325416 (Nov. 9, 1995, Levin, J.;15 Conn. L. Rptr. 356).[2]
See also Anderson v. Bloomfield Board of Education, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396708 (June 20, 1994, Hennessey, J.);Allen v. Commissioner of Corrections, Superior Court, judicial district of New Haven, Docket No. 333240 (March 3, 1993, Hodgson, J.).
In addition, the defendants' argument that the court does not have jurisdiction because the granting of a writ of mandamus would lead to an illegal effect is without merit. In determining whether the granting of the mandamus would be unlawful or violative of public policy, "the court would necessarily have to consider the merits of the underlying action, a consideration which is beyond the scope of a motion to dismiss." Ouoka v.Drapko, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036714 (March 18, 1992, Flynn, J.). Thus, the issues raised by the defendants relate to sufficiency rather than jurisdiction. "A prediction that the plaintiffs will not ultimately prevail on the merits of their mandamus action does not support a conclusion that the court is without jurisdiction CT Page 7018 to hear the matter. Allen v. Commissioner of Corrections, supra. See also Anderson v. Bloomfield Board of Education, supra;Golden Hill Paugussett Tribe v. Weicker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500895 (May 5, 1992, Burns, J.; 7 CSCR 568).
The plaintiff has standing to file a motion for mandamus. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) WindhamTaxpayers Assn. v. Board of Selectmen, 234 Conn. 513, 525,662 A.2d 1281 (1995). In this matter the plaintiff has a "specific, personal and legal interest in the subject matter of the decision" such that the plaintiff has standing.
A plaintiff has standing when he makes "a colorable claim of [a] direct injury he has suffered or is likely to suffer, in an individual or representative capacity." (Internal quotation marks omitted.) Civil Service Commission v. Pekrul, 41 Conn. Sup. 302,307, aff'd, 221 Conn. 12 (1989). The plaintiff alleges that the commission has approved its site plan application by failing to act within the time period specified by the General Statutes. The plaintiff also alleges that it has suffered financial hardships due to the delay in approving the site plan application and that without approval of its application, the plaintiff will suffer great financial harm.
The cases relied upon by the defendants are inapplicable because they focus on the right of a party to challenge the acts of a de facto officer. Although the plaintiff's clear legal right to the remedy of mandamus may be affected by the status of Mr. Buccilli at the time of the meeting, it does not affect the plaintiff's standing. Because the plaintiff has sufficiently alleged injury from the commission's refusal to issue an approval notice, the plaintiff has standing to move for mandamus.
For the above reasons the defendants' Motion to Dismiss is denied.
William J., Sullivan, Judge