## MAUREEN CIANCI *v.* CONNECTICUT COUNCIL FOR AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES
### (4672)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs May 27—decision released July 22, 1986

*John A. Stewart* filed a brief for the appellant (plaintiff).

*J. William Gagne, Jr.,* filed a brief for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the judgment rendered after the trial court dismissed her action for lack of subject matter jurisdiction.

The facts are largely undisputed. The plaintiff, Maureen Cianci, was formerly employed by the state department of human resources (DHR) and was a member of the defendant union, Connecticut Council for American Federation of State, County and Municipal Employees, Local 884, AFL-CIO (AFSCME). In August, 1979, the plaintiff was issued a warning regarding her job performance. Pursuant to the bargaining agreement, the plaintiff instituted grievance procedures during the course of which she was represented by the defendant. Following the procedures outlined in the agreement, the plaintiff, just prior to entering the final stage of the grievance proceedings, settled her dispute with DHR by agreeing to accept a ninety day leave of absence during which she would undergo counseling. On or about February 9, 1980, the plaintiff requested reinstatement. DHR refused to reinstate the plaintiff on the ground that she violated the settlement agreement by not undergoing counseling.

On or about September 18, 1980, the plaintiff filed a complaint against DHR, the state of Connecticut and AFSCME with the Connecticut state board of labor relations (board). She alleged that the defendants conspired to deny her her rights and to obtain her dismissal. She alleged also that AFSCME breached its duty of fair representation owed to her. In December, 1981, while her administrative proceedings were pending, the plaintiff brought this separate action in Superior Court against AFSCME alleging, as she had in her complaint before the board, that the defendant breached its duty of fair representation and conspired with DHR to secure her dismissal from her employment.

The board, meanwhile, continued its proceedings with respect to the plaintiff's complaint. All parties were represented by counsel before the board. On April 26, 1983, the board dismissed the plaintiff's complaint on the ground that the allegations therein were not supported by the evidence. The plaintiff did not appeal from the board's final order as was her right; General Statutes §§ 5-274 (d) and 31-109 (d); but pursued her claims against her union in Superior Court by way of the action she had instituted previously. The court ultimately dismissed the plaintiff's action for lack of subject matter jurisdiction.

On appeal, the plaintiff claims that the granting of the defendant's motion to dismiss was erroneous. She argues that the trial court had jurisdiction to entertain the underlying action, and that the dismissal deprived her of the right to have her case decided on the merits. Although we recognize the trial court's jurisdiction to entertain the matters involved in the underlying action; see *Fetterman* v. *University of Connecticut,* 192 Conn. 539, 557, 473 A.2d 1176 (1984); we conclude that the trial court properly dismissed the action.[1]

Because the plaintiff was employed by the state, any complaints initiated by her or in her behalf regarding collective bargaining were controlled by General Statutes §§ 5-270 et seq. These provisions confer jurisdiction on the board to handle complaints of prohibited prac-

---

[1] The basis of the trial court's decision was that the plaintiff waived her statutory right to appeal in that she did not file such an appeal within two weeks from the issuance of the board's final order, as is prescribed by statute. See General Statutes §§ 5-274 (d) and 31-109 (d). Having found that the plaintiff waived her statutory right to appeal, the court concluded that it lacked subject matter jurisdiction over the action which was before it. Although the legal analysis and policy consideration espoused in this opinion vary from those employed by the trial court in reaching its decision, we sustain the court's ultimate judgment. See *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 405–406, 480 A.2d 552 (1984).

tices[2] engaged in by employers and employee organizations. The remedies available to a complainant through the board, however, are not exclusive. *Fetterman* v. *University of Connecticut,* supra.

In *Fetterman* v. *University of Connecticut,* supra, the plaintiff brought an action in Superior Court against, among others, her union alleging, as was done here, that the union had violated § 5-272 by failing to represent her fairly. The trial court dismissed the action on the ground that it lacked subject matter jurisdiction to entertain the case in that the plaintiff had failed to pursue and exhaust the administrative remedies available to her prior to commencing the action. On appeal,

---

[2] General Statutes § 5-272 provides in part: "(a) Employers or their representatives or agents are prohibited from: (1) Interfering with, restraining or coercing employees in the exercise of the rights guaranteed in section 5-271 including a lockout; (2) dominating or interfering with the formation, existence or administration of any employee organization; (3) discharging or otherwise discriminating against an employee because he has signed or filed any affidavit, petition or complaint or given any information or testimony under sections 5-270 to 5-280, inclusive; (4) refusing to bargain collectively in good faith with an employee organization which has been designated in accordance with the provisions of said sections as the exclusive representative of employees in an appropriate unit; including but not limited to refusing to discuss grievances with such exclusive representative; (5) discriminating in regard to hiring or tenure of employment or any term or condition of employment to encourage or discourage membership in any employee organization; (6) refusing to reduce a collective bargaining agreement to writing and to sign such agreement; (7) violating any of the rules and regulations established by the board regulating the conduct of representation elections.

"(b) Employee organizations or their agents are prohibited from: (1) Restraining or coercing employees in the exercise of the rights guaranteed in subsection (a) of section 5-271; (2) restraining or coercing an employer in the selection of his representative for purposes of collective bargaining or the adjustment of grievances; (3) refusing to bargain collectively in good faith, with an employer, if it has been designated in accordance with the provisions of sections 5-270 to 5-280, inclusive as the exclusive representative of employees in an appropriate unit; (4) violating any of the rules and regulations established by the board regulating the conduct of representation elections; (5) refusing to reduce a collective bargaining agreement to writing and sign such agreement."

the Supreme Court concluded that the board's remedies were not exclusive and, consequently, that the trial court erred in dismissing the plaintiffs' claim that the union had violated § 5-270 et seq.

The court's ruling demonstrates that the Superior Court and the board have concurrent jurisdiction over matters involving certain labor disputes. "Typically, the creation of [an administrative] agency means the addition to the legal system of a new lawmaking and law applying authority, with no explicit subtraction from the previously-existing power of courts." 4 Davis, Administrative Law (1983) § 22:1, p. 81. In such cases, the doctrine of "primary jurisdiction"[3] dictates that the dispute be directed to the board so as to take advantage of the board's specialized skills and procedures; *Sharkey* v. *Stamford,* 196 Conn. 253, 255–56, 492 A.2d 171 (1985); 4 Davis, supra, 81–82; although in *Fetterman* the Supreme Court remanded the case and directed the trial court to exercise its own jurisdiction over the subject matter. *Fetterman* v. *University of Connecticut,* supra.

Because the plaintiff in *Fetterman* invoked only the trial court's concurrent jurisdiction over the subject matter of her complaint, she was not required to exhaust the administrative remedies initially available to her. In contrast, the plaintiff in the present action elected initially to proceed before the board, thereby taking advantage of the specialized skills and procedures enjoyed by it. She did not invoke the court's concurrent jurisdiction.

By her election, the plaintiff was constrained to exhaust the remedies available in the manner pre-

---

[3] In that courts and administrative agencies often have concurrent jurisdiction, the common law doctrine of primary jurisdiction "is designed to guide a court in determining whether and when it should refrain or postpone the exercise of its own jurisdiction so that an agency may first answer some questions presented." 4 Davis, Administrative Law (1983) § 22:1, p. 81.

scribed, including the manner by which to appeal. She could not, subsequent to having initiated the administrative proceedings, bring an independent action to test the very issue which the statutory appeal was designed to test. *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 685, 485 A.2d 1272 (1984); *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483 (1963); *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270 (1954); *Davis* v. *Yudkin,* 3 Conn. App. 576, 578, 495 A.2d 714, cert. denied, 197 Conn. 805, 499 A.2d 57 (1985). This requirement " 'foster[s] an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions.' " *Sharkey* v. *Stamford,* supra, 256, quoting *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977).

The plaintiff's election to pursue the administrative remedies available to her did not foreclose judicial review of her claims, but rather had the effect of postponing such review until the board issued its final order. See General Statutes §§ 5-274 (d) and 31-109 (d).[4] Having failed to follow the dictates of General Statutes §§ 31-109 and 5-274 (d) by not taking an appeal from

---

[4] General Statutes § 5-274 provides in part: "(d) For the purposes of hearings and enforcement of orders under sections 5-270 to 5-280, inclusive, the board shall have the same power and authority as it has in sections 31-107, 31-108 and 31-109, and the employer and the employee organization shall have the right of appeal as provided therein."

General Statutes § 31-109 provides in part: "(d) Any person aggrieved by a final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the superior court for the judicial district where the unfair labor practice was alleged to have occurred or in the judicial district wherein such person resides or transacts business by filing in the court, or, if said court is not in session, with any judge thereof, within two weeks from the date of such order, a written petition in duplicate praying that the order of the board be modified

the final order of the board within two weeks from the date of its order, the plaintiff is now precluded from attacking the findings and conclusions of the board and is bound by its rulings. The plaintiff's claims were fully heard and litigated before the board and the dismissal of her complaint by the trial court did not deprive her of her right to have the action heard on its merits.

There is no error.

In this opinion the other judges concurred.

or set aside. The clerk of the superior court shall thereupon mail the duplicate copy to the board. The board shall then file in said court a transcript of the entire record in the proceeding, certified by the board, including the pleadings, testimony and order of the board. Upon such filing said court or such judge shall proceed in the same manner as in the case of a petition by the board under this section and shall have the same exclusive jurisdiction to grant to the person such temporary relief or restraining order as it deems just and suitable, and in like manner to make and enter a decree enforcing or modifying and enforcing as so modified or set aside, in whole or in part, the order of the board."