[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff James Caldeira was employed as a probationary correctional officer on or about January 26, 1990. The plaintiff alleges that during the course of his employment he sustained a neck injury. Thereafter, he filed a claim under the Connecticut Workers' Compensation Act. The plaintiff alleges that he was terminated for exercising his rights under the Workers' Compensation Act in violation of Connecticut General Statutes Sec. 31-290a.
Pursuant to Sec. 31-290a, the plaintiff filed a complaint with the chairman of the Workers' Compensation Commission on October 5, 1990. Subsequently, on January 14, 1992, the instant action alleging a violation of Sec. 31-290a was filed in superior court.
The defendant moves to dismiss the instant action on the grounds that Sec. 31-290a does not permit the plaintiff to file an action in superior court when he has previously elected to pursue a remedy by filing a complaint with the chairman of the Workers' Compensation Commission.
General Statutes Sec. 31-290a provides as follows:
 "(b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court . . . or (2) file a complaint with the chairman of the workers' compensation commission. . . ."
Conn. Gen. Stat. Sec. 31-290a (emphasis added).
Statutory language should be given its plain and ordinary meaning. Pintavalle v. Valkanos, 216 Conn. 412, 417
CT Page 4409 (1990). The plain language of General Statutes Sec. 31-290a
precludes seeking redress in one forum when another forum has already been selected by the plaintiff. Conn. Gen. Stat. Sec.31-290a(b). Moreover, in another context, it has been held that once a party has elected to pursue an administrative remedy, an independent civil action may not be brought to adjudicate the same issues. Cianci v. Connecticut Council, AFSCME, 8 Conn. App. 197,202 (1986).
For these reasons, under Sec. 31-290a, the plaintiff may not bring an action in superior court subsequent to the filing of his claim with the Workers' Compensation Commission.
Accordingly, the motion to dismiss is hereby granted.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT