[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff in this action was employed by the defendant, State of Connecticut, as a Workers' Compensation Administrator within the Department of Administrative Services. By a letter dated August 25, 1986, the plaintiff was dismissed from his employment because of his "involvement in activities which were detrimental to the best interests of both the Workers' Compensation Program and the State." The plaintiff chose to appeal his dismissal to the Employees' Review Board (ERB) pursuant to General Statutes § 5-202.[1]
In November and December of 1986, the ERB conducted hearings on the plaintiff's appeal. On February 8, 1987, it issued a written decision, with findings of fact, upholding the State's dismissal of the plaintiff.
The plaintiff did not appeal the ERB's decision to this Court, as authorized by General Statutes § 5-202(1)[2]
and § 4-183.[3] Instead, he commenced the present action, alleging in four counts that he had been dismissed:
 (1) "because [he] filed a claim for workers' compensation benefits," a violation of Conn. Gen. Stat. § 31-290a;
 (2) "because [he] otherwise exercised the rights afforded him pursuant to the provisions of Workers' Compensation Act]," a violation of Conn. Gen. Stat. § 31-290a;
 (3) "because [he] report[ed], verbally or in writing, a violation or a suspected violation of any state . . . law," a violation of Conn. Gen. Stat. § 31-51m(b), CT Page 11101-K commonly known as the Whistle Blower Statute; [and]
 (4) "on account of the exercise by him of [his right to petition the government for redress of grievances] guaranteed by the first amendment to the United States Constitution or section 3, 4, or 14 of the article first of the constitution of the state," a violation of Conn. Gen. Stat. § 31-51q.
On December 10, 1993, the defendant filed a Motion for Summary Judgment, claiming that the plaintiff failed to exhaust his administrative remedies, and therefore that this Court lacks subject matter jurisdiction as a matter of law. The defendant has filed both a memorandum and a supplemental memorandum in support of its position. The plaintiff has filed a memorandum in opposition, dated May 16, 1994.
Although not binding, it is worthy of note that this Court, Freed, J., in a memorandum of decision dated January 23, 1990 [1 CONN. L. RPTR. 226], addressed this same issue on a Motion to Dismiss. Judge Freed, in denying the defendant's Motion to Dismiss, held that since the plaintiff's four counts fell within an exception to the exhaustion of administrative remedies doctrine, the plaintiff was not required to exhaust his administrative remedy.
Summary judgment is "designed to eliminate delay and expense incident to a trial when there is no real issue to be tried." Dowling v. Kielak, 160 Conn. 14, 16,273 A.2d 716 (1970). It is a proper resolution to litigation where "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Strada v. Connecticut Newspapers, Inc., CT Page 11101-L193 Conn. 313, 316-17, 477 A.2d 1005 (1984), quoting Practice Book § 384. The burden of proof is upon the moving party to show the nonexistence of any genuine issue of material fact. See Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991).
In ruling on a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers,Inc., supra, 193 Conn. 317. Summary judgment is proper only in limited instances where the evidence, so considered, is such that no room for disbelief could exist in the minds of the jury, and where the circumstances would require a directed verdict for the moving party. Yanow v.Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311
(1979).
A jurisdictional prerequisite to seeking relief in a court of law is that all available administrative remedies have been exhausted. See City of Norwich v. NorwalkWilbert Vault Co., Inc., 208 Conn. 1, 4, 544 A.2d 152
(1988). Notwithstanding this general rule, the administrative process may be bypassed and relief sought in a court of law, under limited circumstances, where the available administrative relief is inadequate or futile.Id. Upon denying the defendant's motion to strike, Judge Freed found that the plaintiff's four counts fell within this limited exception.
In Cianci v. Connecticut Council for AmericanFederation of State, County and Municipal Employees(AFSCME), 8 Conn. App. 197, 512 A.2d 232 (1986), an analogous case, a former state employee who was denied reinstatement to her employment, brought a civil action against her labor union after she had previously filed a complaint with the governing administrative agency, the State Board of Labor Relations. The trial court dismissed the action for lack of subject matter jurisdiction.
Recognizing the initial concurrent jurisdiction of this Court[4] and the administrative agency itself, the Connecticut Appellate Court, affirmed the trial court's CT Page 11101-M decision, as follows:
 [T]he plaintiff in the present action elected initially to proceed before the board, thereby taking advantage of the specialized skills and procedures enjoyed by it . . . . By her election, the plaintiff was constrained to exhaust the remedies available in the manner prescribed, including the manner by which to appeal . . . . This requirement "`foster[s] an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions."
(Emphasis added; citations omitted.) Id., 201-202; see also Riley v. City of Bridgeport, 22 Conn. App. 402, 404-05,577 A.2d 1099 (1990) ("Even though the Superior Court has concurrent jurisdiction with the state board of labor relations in certain labor disputes, once a plaintiff elects to utilize the administrative process, she is thereafter constrained to exhausting the remedies available in the manner prescribed and may not initiate an independent civil action to adjudicate the same issues.');Public Works Union, Local 134 v. Stratford, Superior Court, JD of Fairfield at Bridgeport, DN 281941 (July 24, 1992); Cf. Fettermanv. University of Connecticut, 192 Conn. 539, 473 A.2d 1176 (1984)University of Connecticut, 192 Conn. 539, 473 A.2d 1176 (1984) (plaintiff not required to exhaust administrative remedies because he elected, initially, to proceed in the Superior Court).
The foregoing analysis applies with equal force to the case at bar. Since the plaintiff initially elected to proceed in the administrative forum, he was required to exhaust that remedy before pursuing that action.
Furthermore, in his memorandum of decision denying the defendant's Motion to Dismiss, Judge Freed reasoned that the allegations in the plaintiff's complaint have nothing to do with the ERB's review, which, the Court decided, CT Page 11101-N encompassed only the defendant's charges that the plaintiff was incompetent, guilty of misconduct or involved in activities detrimental to the Board. This Court respectfully disagrees.
As previously stated, it was the plaintiff who chose to appeal his dismissal to the ERB pursuant to General Statutes § 5-202(a). This provision does not limit the ERB to reviewing only the employer's reasons for dismissal. The regulations then governing ERB proceedings called,inter alia, for a "[s]tatement by the employee . . . setting forth grounds and reasons for appealing from the action of the appointing authority;" "such testimony and evidence as have a bearing on the issues raised in the [employee's appeal]" and the "presentation of testimony and evidence supporting [the] employee's appeal. Regs. Conn. State Agencies § 5-201-2(d), (f), and (i).[5] The ERB's review could therefore have encompassed any grounds or reasons which the plaintiff wished to raise, including the actions presently complained of. The plaintiff, who chose not to raise these arguments at the time of his ERB hearing, cannot now claim that his administrative remedy was inadequate.
Since the plaintiff elected first to appeal the agency's decision to dismiss him to the ERB, he was required to exhaust his administrative remedies by appealing that decision to this Court rather than commencing this independent action. Accordingly, the defendants' Motion for Summary Judgment is granted.
Michael R. Sheldon Judge