[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (FILE #114.50) ANDPLAINTIFF'S OBJECTION (FILE #116)
On June 12, 1992, plaintiff, Richard Baldassario, filed a one count complaint against his employer, defendant, Plimpton Hills Corporation, alleging the following facts. Plaintiff sustained a severe injury in the course of his employment with defendant, resulting in a temporary disability; he filed a claim for Workers' Compensation pursuant to Chapter 568 of the General Statutes. Plaintiff received Workers' Compensation benefits until December 10, 1990.
On December 10, 1990, Dr. Krompinger, plaintiff's treating physician, released plaintiff to return to work with no restrictions. Nevertheless, on December 10, 1990, defendant refused to return the plaintiff to his former CT Page 11490 position and terminated the plaintiff's employment because he had filed a claim for Workers' Compensation benefits, and otherwise exercised the rights afforded him pursuant to the provisions of Chapter 568.
Plaintiff alleges that defendant's acts and omissions constituted a violation of General Statutes § 31-290a.[1]
Furthermore, plaintiff alleges that as a result of defendant's acts and omissions, plaintiff has suffered losses, including loss of salary, social security, pension and medical benefits, mental, physical and emotional distress, damage to his reputation, a permanent blemish on his career, and other losses.
Plaintiff further alleges that defendant's acts and omissions were intentional in that defendant should have known such conduct would result in injury to plaintiff, or that the actions were taken with reckless disregard to plaintiff's rights. Plaintiff also alleges that defendant's acts and omissions resulted in plaintiff's incurring attorney's fees and costs, for which the defendant is liable.
On April 15, 1994, defendant filed this motion for summary judgment, predicated on two grounds: first, since plaintiff filed a complaint with the Workers' Compensation Commission, he is barred from bringing this action in the Superior Court; second, under the "principle of priority," plaintiff cannot pursue an action in the Superior Court before exhausting all remedies available before the Workers' Compensation Commission.[2] On May 20, 1994, plaintiff filed its objection to this summary judgment motion; it is plaintiff's contention that a factual issue exists as to whether he elected to pursue a claim for discriminatory discharge with the Compensation Commission.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 105, 639 A.2d 507 (1994). "The party seeking summary judgment bears the burden of showing the nonexistence of any material facts." Cummings Lockwood v. Gray, 26 Conn. App. 293, 297, 600 A.2d 1010
(1991). "To satisfy his burden the movant must make a showing CT Page 11491 that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (1993). "The test is whether a party would be entitled to a directed verdict on the same facts." Cummings Lockwood v. Gray, supra.
In support of the motion for summary judgment, defendant has filed a memorandum of law; a certified copy of a letter, dated December 11, 1990, received by the Honorable John A. Arcudi from plaintiff requesting "a hearing under the form number 31-290A;" a certified copy of a letter, dated November 14, 1990, from Chairman Arcudi assigning, pursuant to Section31-290a, plaintiff's complaint to a Commissioner for "hearing or other appropriate action;" a certified copy of a Notice of Informal Hearing scheduled for April 17, 1991 at the Office of the Workers' Compensation Commissioner, First District, Hartford; and, a certified copy of a Notice of Hearing scheduling a "Formal Hearing" for October 23, 1991 dealing with the issue of compensability and benefits, as well as "the issue of Connecticut General Statutes Sec. 31-290a." Plaintiff, in opposition to the summary judgment motion, has filed its written objection with a memorandum of law; a copy of the discharge slip, stating as the reason for unemployment, "unable to perform duties and lack of work;" a copy of plaintiff's letter of December 10, 1990 to Honorable John A Arcudi; and, plaintiff's affidavit stating that he had "never requested a hearing, or made a claim, before the Workers' Compensation Commission alleging a discriminatory or retaliatory discharge." In its memorandum of law, defendant maintains that "Connecticut General Statutes Section 31-290a
allows a plaintiff to pursue his remedy for discriminatory discharge in either the Superior Court or the Workers' Compensation Commission, but not in both forums." Defendant argues that since plaintiff "filed and prosecuted a complaint for discriminatory discharge through the Connecticut Workers' Compensation Commission," plaintiff's present action should be barred. In addition, defendant argues that under the "principle of priority," plaintiff must exhaust all remedies in the forum he chose first, namely the Workers' Compensation Commission. As stated, plaintiff asserts that he did not elect to pursue a claim for discriminatory discharge through CT Page 11492 the Workers' Compensation Commission.
General Statutes Section 31-290a(b) provides, in pertinent part: Any employee who is so discharged or discriminated against may either (1) bring a civil action in the superior court . . . or (2) file a complaint with the chairman of the workers' compensation commission . . .[3]
"Statutes are to be applied as their words direct." RiverDock Pile, Inc. vs. O and G Industries, Inc., 219 Conn. 787,805, 595 A.2d 839 (1991). "The words of a statute are to be given their commonly approved meaning . . . ." State v. Kish,186 Conn. 757, 764, 443 A.2d 1274 (1982). Statutory language should be given its plain and ordinary meaning. Pintavalle v.Valkanos, 216 Conn. 412, 417, 581 A.2d 1050 (1990).
It has been held that "the plain language of General Statutes § 31-290a precludes seeking redress in one forum when another forum has already been selected by the plaintiff."Caldiera v. St. Dep't of Corrections, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 44 94 27 (May 11, 1992). Also, "it has been held that once a party has elected to pursue an administrative remedy, an independent civil action may not be brought to adjudicate the same issues." Id., citing Cianci v. Connecticut Council,AFSCME, 8 Conn. App. 197, 202, 512 A.2d 232 (1986).
The documentation submitted by defendant establishes the following facts in support of this motion. Plaintiff's December 10, 1990 letter requested "a hearing under the form number 31-290A."[4] Chairman Arcudi understandably responded to plaintiff's letter by assigning the matter to a Commissioner for a hearing pursuant "to Sec. 31-290a, C.G.S., . . . concerning a complaint of discharge or discrimination . . ." The Notice of the scheduled informal hearing referred to "Conf. . . . for 31-290a benefits." Thereafter, the Notice of the scheduled formal hearing made reference to "[h]earing . . on the issue of compensability and benefits . . as well as the issue of Connecticut General Statute Sec. 31-290a . . ." Plaintiff attended, and participated in, the April 17, 1991 informal hearing, apparently with counsel.[5] As defendant points out, it was not until approximately thirteen months thereafter, and some eighteen months after the discharge and request for a hearing (12/10/90), that plaintiff filed this action in the Superior Court. CT Page 11493
In opposition to defendant's documentation, plaintiff refers to the language used in the 12/10/90 letter ("form number 31-290A"); he also has submitted the termination slip giving as reasons, "unable to perform duties and lack of work." In his affidavit, plaintiff states: (a) on December 10, after receiving the pink slip, he proceeded to the unemployment office and was advised that because he was laid off due to inability to perform, he was ineligible for compensation; (b) on the same date, he spoke telephonically with Mr. Joyce from the Compensation Commission and was informed that "if you got laid off this way, the slip stated unable to perform job duties and lack of work, then you should follow it up by requesting a form;" (c) Mr. Joyce further advised plaintiff that he could not do anything else other than to investigate it thoroughly and that plaintiff should write the Honorable John Arcudi and request a hearing to discuss his situation; and (d) plaintiff did write Chairman Arcudi requesting a hearing, but had no intention of making a discriminatory or retaliatory discharge claim against the employer. Plaintiff's affidavit concludes with the statement that on 12/10/90, he "was simply seeking a hearing so that [he] could discuss and understand what was happening to [him]," and, that he "never requested a hearing or made a claim through the Workers' Compensation Commission alleging discriminatory or retaliatory discharge."
A material fact has been defined as one "which will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). When the moving party has presented evidence in support of the summary judgment motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue; it is not sufficient, however, for the opposing party merely to assert the existence of such a disputed issue.State v. Goggin, 208 Conn. 606, 616 (1988). Our Supreme Court has stated:
 "`Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movent's [movant's] . . documents'" Id. at p. 616-617. CT Page 11494
"`The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bold statement that an issue of fact does exist.'" Burns v. Hartford Hospital,192 Conn. 451, 455 (1984). As stated heretofore, "the test is whether a party would be entitled to a directed verdict on the same facts." State v. Goggin, supra at p. 616; Cummings Lockwood v. Gray, supra.
In the court's view, the documentation submitted would seem to strongly indicate that plaintiff intended to elect, and did elect, to proceed with a 31-290a claim before the Workers' Compensation Commission. However, plaintiff's affidavit details the somewhat unusual circumstances surrounding his writing of the 12/10/90 letter to Chairman Arcudi, and it refers to the language used in that letter ("form number 31-290A"); the content of the affidavit also recites plaintiff's claimed understanding of, and reasons for participating in, the informal hearing before the Commissioner. The factual circumstances ascertainable fromall of the documentation submitted with respect to this motion raise, in my view, a material issue as to whether an election to proceed before the Commission (on a retaliatory discharge claim) was, in fact, made by plaintiff by virtue of the 12/10/90 letter to Chairman Arcudi; it matters not how this court might well decide such issue on the evidence submitted and, of course, it is not the appropriate function of the court to try that issue on a motion for summary judgment. Regardless of the court's view that there exists a strong indication from the documentation that an election was quite probably made, plaintiff is entitled to have a trier determine that issue on an evidentiary presentation and, in the light of all the circumstances, make the required credibility assessment(s).
The "plain" language of Section 31-290a precludes plaintiff from maintaining this action if an election was made
to proceed before the Commission; Caldiera v. St. Dep't ofCorrections, supra; and, where a party has elected to pursue an administrative remedy, the party cannot bring an independent civil action to adjudicate the identical issue(s).Cianci v. Connecticut Council, AFSCME, supra. In the circumstances of this case, based on the documentation presented (including plaintiff's opposing affidavit), it is CT Page 11495 concluded that an issue of fact exists concerning whether plaintiff made such an election.
Accordingly, defendant's motion for summary judgment isdenied.
Mulcahy, J.