[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff[1] in this administrative appeal appeals from a Department of Public Utilities (DPUC) decision granting a Southern New England Telephone Company (SNET) tariff application for a generic wireless interconnection service. The tariff decision sets the price and terms for the interconnection between the SNET public service system and wireless carriers (cellular and paging companies). The DPUC decision at issue is dated January 11, 1995.
The Plaintiff asserts three claims in its brief. All issues raised in the appeal but not briefed are viewed as abandoned.Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
The claims are: 1) an alleged failure to provide for mutual compensation for functions performed by the wireless carrier. (This claim is asserted under federal regulation 47 C.F.R. § 20.11
(b); 2) that SNET's tariff is excessive in violation of General Statutes § 16-19 (a) in that SNET receives a double recovery in that it charges SNET customers and the wireless carriers for some of the same functions; and 3) that DPUC erred in approving usage-based rather than fixed rate tariffs.
The respondents to this appeal, the DPUC and SNET, have moved to dismiss the appeal. The court agrees with the respondents and dismisses the appeal on both grounds of mootness and deferral to the primary jurisdiction of the Federal Communications Commission (FCC).
The slow pace of this appeal combined with extraordinary CT Page 8242 legislative and regulatory developments in telecommunications law; have made the issues raised in this appeal moot.
The mutual compensation issue has been resolved both by a DPUC decision (DPUC Investigation into Wireless Mutual Compensation Plans, Docket no. 95-04-04) and the Congressional enactment of the Telecommunications Act of 1996, Pub.L. No.104-104, 110 Stat. 56 (1996) (Telcom Act). In Decision #95-04-04 dated September 22, 1995, DPUC specifically addressed and denied Plaintiff's claim that federal regulation 47 C.F.R. § 20.11 (b) required mutual compensation for wireless carriers and local exchange carriers in intrastate telecommunications.
Defendants compellingly argue that Plaintiff should have appealed 95-04-04 to properly raise the mutual compensation claim.[2] Plaintiff asserts that it was error for DPUC to defer and decline to hear the mutual compensation issue as part of the tariff case.
47 C.F.R. § 20.11 (b) was enacted in 1994 and the DPUC held a hearing and issued its decision by September 1995. The technical aspects of this issue are readily apparent by reference to the record. Extensive expert testimony and industry input are evident. It would be an extraordinary act of judicial usurpation to purport to dictate an administrative agency's agenda, on a complex issue within its area of expertise. The unwarranted intervention would also be futile since the agency has through 95-04-04 addressed mutual compensation. What purpose could be served by a remand to the agency to opine on whether the issue should have been considered as part of the SNET tariff application.
The revolution in telecommunications makes it a near certainty that this is not an issue capable of repetition yet evading review.
The DPUC 95-04-04 decision was in large measure superseded by the federal Telcom Act. This legislation mandates that local exchange carriers establish reciprocal (mutual) compensation agreements with other providers of telecommunications services. In fact DPUC reopened case #95-04-04, held hearings and issued a supplemental decision dated June 25, 1997. The new decision recognizes the Telcom Act impact and finds SNET in compliance with the 1996 legislation concerning mutual compensation. CT Page 8243
The mootness doctrine is equally applicable to Plaintiff's excess tariff and usage based tariff claim. SNET is no longer using the tariff approved in the underlying DPUC case. The tariff has been superseded by the Telcom Act and is no longer in use. See 47 C.F.R. § 51.703 (b) which required SNET's change of the tariff at issue. Also, see SNET letter withdrawing its "Wireless Interconnection Tariff (Exhibit H to SNET's motion to dismiss).
It is important to note that Plaintiff has never sought or obtained a stay of the SNET tariff. This would seem to obviate any claim for retroactive application or refund. City of NewHaven v. New Haven Water Co., 132 Conn. 496, 510-11 (1946) held that a utility could have no refund obligation as to charges lawfully assessed under an approved rate schedule. The vehicle of an order of refund accountability in lieu of a stay could have also been available to Plaintiff. See City of Hartford v. PublicUtility Commission, 30 Conn. Sup. 244, 247 (1973).
The court's jurisdiction is limited to actual, active controversies. "An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of an appeal . . . when, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any relief through its disposition of the merits, a case has become moot." Ayala v. Smith, 236 Conn. 89, 93-94 (1996); Labbe v.Hartford Pension Committee, 239 Conn. 168, 183 (1996).
There is no practical relief available to the Plaintiff from this appeal, thus its action is moot.
Alternatively, the Plaintiff's appeal should be dismissed under the primary jurisdiction doctrine.
The Plaintiff, on December 6, 1995, filed a complaint with the FCC seeking from SNET mutual compensation and specifically compensation for terminating traffic initiated by a SNET customer (Message Center Beepers Inc. v. Southern New England TelephoneCompany, File No. WBIENF-F-96-001) (FCC Wireless Telecommunications Bureau). The FCC complaint specifically seeks retroactive compensation to a date prior to the FCC order under the Telcom Act. Plaintiff asserts its mutual compensation claim under the 1994 federal regulations, 47 C.F.R. § 20.11 (b).
The primary jurisdiction doctrine is actually a policy of CT Page 8244 judicial deference rather than a challenge to the court's jurisdictional authority. United States v. Western Pac. R.R.,352 U.S. 59, 63 (1956); Puerto Rico Maritime Shipping Authority v.Valley Freight Systems Inc., 856 F.2d 546, 549 (2d Cir. 1988).
The invocation of judicial deference may occur whenever the "enforcement of the claim requires the regulation of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." Goya Foods Inc. v.Tropicana Prods. Inc., 846 F.2d 848, 851 (2d Cir. 1988). Application of the doctrine creates "uniformity and consistency in the regulation of business entrusted to a particular agency."Far East Conference v. United States, 342 U.S. 570, 574 (1952). It also recognizes that certain issues require "the expert and specialized knowledge of the agencies before judicial consideration of the legal claim." Goya Foods, supra at 846 F.2d 851.
Connecticut authority recognizes and applies the primary jurisdiction doctrine. Sharkey v. City of Stamford,196 Conn. 253, 256-57 (1985); Mazzola v. Southern New England TelephoneCo., 169 Conn. 344, 348-52 (1975); Cianci v. Connecticut SitingCouncil, 8 Conn. App. 197, 201 (1986).
There is no question that the Plaintiff's federal law claim for mutual compensation is before the FCC. It is equally apparent that telecommunication issues are within its particular area of expertise. The FCC should be the authority to address this retroactive mutual compensation claim.
The appeal is dismissed because it is moot and/or the court defers the issue of any retroactive mutual compensation to the FCC.
Robert F. McWeeny, J.