[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE
Defendants EAO Switch Corporation, George Longyear, and Robert Maier request the court to reconsider their motion to dismiss, which was previously denied by the court. The court, after having had once again the benefit of oral argument, denies the motion to dismiss for the reasons stated below.
The defendants claim this court lacks jurisdiction over plaintiff Gail Dunn's wrongful discharge claim because she previously elected to pursue her claim before the Workers' Compensation Commission. The defendants contend that the plaintiff made an irrevocable choice of another forum under section31-290a(b) of the General Statutes and therefore cannot bring this civil action. The plaintiff, on the other hand, argues that this issue should be raised by the defendants' pleading a special defense rather than a motion to dismiss.[1]
On January 26, 1995, the plaintiff filed a complaint with the Workers' Compensation Commission alleging that she had been discharged from employment on January 3, 1995, because she had filed a claim for workers' compensation benefits. An informal hearing on the complaint was conducted in the Third District New Haven Office at which time it was left up to the parties to request another hearing on the wrongful discharge issue. On November 21, 1995, the complainant's file was transferred to the Fourth District Bridgeport Office. The case before the commission remains open and no hearings have been held or requested. On December 31, 1996, the plaintiff commenced this lawsuit wherein she alleges that she was discharged from employment in violation of General Statutes §31-290a, that is, she claims she was discharged because she filed a claim for workers' compensation benefits. CT Page 12256
Section § 31-290a(a) of the General Statutes provides that an employer shall not discharge or "discriminate against any employee because the employee has filed a claim for workers' compensation benefits. . . ." Part (b) provides, in part, as follows: "Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission. . . ." The Supreme Court of Connecticut has stated that "[a] violation of § 31-290a . . . is in essence a statutorily created tort deriving from the action for wrongful discharge set forth in Sheets." Ford v. Blue Cross Blue Shield of Connecticut,Inc., 216 Conn. 40, 52 (1990); see Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471 (1980).
As a general rule, a party may change his or her choice of remedies as long as the other party has not materially changed his or her position in reliance on the original choice. For example, § 378 of the Restatement (Second) of Contracts (1977), provides as follows: "If a party has more than one remedy under the rules stated in this Chapter, his manifestation of a choice of one of them by bringing suit or otherwise is not a bar to another remedy unless the remedies are inconsistent and the other party materially changes his position in reliance on the manifestation." Comment "a" to this section provides, in part, as follows: "The mere manifestation of an intention to pursue one remedy rather than another does not, however, preclude a party from making such a shift. Nor must the shift be made within any particular time. Only if the other party has materially changed his position in reliance on the original choice is a shift to another remedy precluded by an election of the first. A change of position is `material' within the meaning of this Section if it is such that in all the circumstances a shift in remedies would be unjust."
The defendants cite the case of Cianci v. Connecticut Counsel,AFSCME, 8 Conn. App. 197 (1986), as authority for their position. The facts of the Cianci case are distinguishable from the present case. In Cianci, the plaintiff initiated an administrative proceeding before the Connecticut State Board of Labor Relations alleging that her employer and union conspired to deprive her of her rights and that her union breached the duty of fair representation that it owed to her. While her administrative proceedings were pending, she brought an action in the Superior Court against her union wherein she alleged the same wrongdoing that she had alleged before the board. The board, meanwhile, continued its proceedings and dismissed the plaintiff's complaint CT Page 12257 on the ground that her allegations were not supported by the evidence. Although the plaintiff had a statutory right to appeal the board's final order, she did not do so. Instead, she pursued her claim against her union in the Superior Court. The trial court dismissed the plaintiff's action for lack of subject matter jurisdiction. In affirming the dismissal, the Appellate Court stated the plaintiff had elected to pursue the administrative remedies available to her and failed to follow the dictates of the General Statutes by not taking an appeal from the board's final order. The Appellate Court held "the plaintiff is now precluded from attacking the findings and conclusions of the board and is bound by its rulings." Id. at 202. The court further noted that "[t]he plaintiff's claims were fully heard and litigated before the board and the dismissal of her complaint by the trial court did not deprive her of her right to have the action heard on its merits."Id. Clearly, the union had relied on the complainant's initial choice of forum and it would have been unjust to allow the complainant to "bring an independent action to test the very issue which the statutory appeal was designed to test." Id.
In the present case, the defendants have failed to show that they have materially changed their position in reliance on the plaintiff's original choice of forum. All that they have shown is that they attended an informal hearing. While plaintiff Gail Dunn did file a complaint with the Workers' Compensation Commissioner, she has not pursued her complaint to the point where it would be unjust to the defendants to allow her to change her choice of remedy. Should this court dismiss her complaint, she may suffer prejudice since an employee who brings a civil suit under § 31-290a
has a right to a jury trial and, if successful, "an award of what may amount in effect to double attorney's fees." Ford v. BlueCross Blue Shield of Connecticut, Inc., 216 Conn. at 64.
The defendants' motion to dismiss is denied.
THIM, JUDGE