[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#103)
Before this court is the defendant's motion to dismiss. For the following reasons, the court denies the motion.
 I. BACKGROUND
On November 13, 2001, the Connecticut Employees Union Independent, Inc. (union) filed an application to confirm an arbitration award pursuant to General Statutes § 52-417. The union, in its application, alleges that it entered into a collective bargaining agreement (the agreement) with the State of Connecticut (state) which contained a CT Page 8034 written agreement to arbitrate. A dispute arose over the state's compliance with the agreement and the parties submitted their dispute to arbitration on March 15, 2000. The parties framed the language of the submission as follows: "Was there a violation of the September 1994 Stipulated Agreement as alleged in the grievance form? If so, what shall be the remedy consistent with the NP-2 Collective Bargaining Agreement and the Stipulated Agreement?"
On March 19, 2001, the arbitrator issued his award. (Application to Confirm, Exhibit A.) The arbitrator found that the state violated the August, 1994 stipulated agreement by failing to provide adequate, accurate and timely information to the union in order to facilitate its reconciliation of dues payments. The arbitrator ordered the state to make the union whole for all dues and fees improperly deducted from January 1, 1997, forward. In addition, the arbitrator directed the state to determine the amount of dues and fees owed to the union and, if necessary, the state would have to submit to an internal audit. Finally, the arbitrator ordered the state to reimburse the union for costs and expenses incurred by the union in enforcing the terms of the agreement and ordered the state to comply with all of the terms of the stipulated agreement.
The court finds that the following background information is useful in understanding the parties' arguments. The following facts, which, for the purposes of the motion are undisputed, are taken from the arbitrator's decision issued on March 19, 2001, which is attached to the union's application to confirm the arbitrator's award as Exhibit A. On June 17, 1989, arbitrator David C. Randles found the state in violation of certain provisions of the collective bargaining agreement by its failure to provide the union with timely and accurate information necessary to the union's reconciliation of dues. The state failed to comply with the terms of that award and the union filed a complaint with the state board of labor relations. The labor board upheld the union s complaint and ordered the state to undertake certain affirmative actions. The union and the state arrived at a settlement agreement which became effective July 1, 1994.
On March 13, 1997, the union filed a grievance contending that the state was not in compliance with the terms of the settlement agreement. Once again, the union alleged that the state was not providing it with timely and accurate information. Following this grievance, the parties were referred to arbitration and, once again, the state was found to be in violation of the terms of the agreement. The union filed its application to confirm the arbitrator's award alleging that the state has failed to abide by the award and has failed to implement payments, or to take any timely steps to assure payment. Further, the union alleges that CT Page 8035 the state has not provided accurate and timely information as required by the arbitrator's award.
On February 21, 2002, the state filed this motion to dismiss the union's application on the ground that this court lacks subject matter jurisdiction. In its memorandum in support of the motion, the state contends that the union has failed to bring its claim before the state labor board and, therefore, has failed to exhaust its administrative remedies. On March 15, 2002, the union filed an objection to the motion and a motion for sanctions. In its objection, the union also claims that the state's motion to dismiss is untimely. On April 1, 2002, the state filed a memorandum of law in opposition to the union's objection and motion for sanctions. The state also filed a supplemental memorandum in opposition to the union's objection on April 11, 2002. The court heard argument on April 1, 2002.[1]
 II. STANDARD OF REVIEW
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Adolphson v.Weinstein, 66 Conn. App. 591, 594, 785 A.2d 275 (2001), cert. denied,259 Conn. 921, 729 A.2d 853 (2002); see also Practice Book § 10-30. A motion to dismiss "[s]hall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a)(1). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . ." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Crystal, 251 Conn. 748, 763, 741 A.2d 956 (1999).
 III. DISCUSSION
As a preliminary matter, the court will address the union's argument that the state's motion to dismiss is untimely because it was not filed within thirty days of the state's appearance. The state filed an appearance in this case on December 5, 2001. The state's motion to dismiss was filed on February 21, 2002, and, therefore, is beyond the thirty day period specified in the Practice Book.
Although, pursuant to Practice Book § 10-30, a motion to dismiss must be filed within thirty days of the defendant's filing of its general appearance, a defendant may move to dismiss for lack of subject matter jurisdiction at any time. See Practice Book § 10-33; Stroiney v.CT Page 8036Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208 (1987) Because the defendant moves to dismiss on the ground of subject matter jurisdiction, its filing of the present motion is not untimely and, therefore, is properly before the court.
The defendant's ground for dismissal is that the plaintiff has not exhausted its administrative remedies. Failure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction. See School Administrators Assn. v. Dow, 200 Conn. 376, 380
n. 3, 511 A.2d 1012 (1986). The exhaustion of remedies doctrine provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (Internal quotation marks omitted.) Hartford v. Hartford MunicpalEmployees Assn., 259 Conn. 251, 281, 788 A.2d 60 (2002). The primary purpose of the doctrine is to "foster an orderly process of administrative adjudication and judical review, offering a reviewing court the benefit of [an] agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Internal quotation marks omitted.) Id.
The state maintains that the union failed to exhaust its administrative remedies under General Statutes § 5-274[2] by not filing a complaint with the labor board prior to filing this application pursuant to General Statutes § 52-417.[3] The state argues that an employer's refusal to comply with an arbitration award, on a grievance alleging a violation of a collective bargaining agreement, constitutes the prohibited practice of an employer's refusal to bargain under the State Employee Relations Act (SERA), General Statutes §§ 5-270 et. seq. and, therefore, the union should have filed a complaint with the state labor board first.
In its opposition, the union argues that it has exhausted its remedies by filing a grievance and submitting to arbitration. The union also contends that an application to confirm an arbitrator's award is a special statutory proceeding and not a civil action. Under General Statutes § 52-417, the union asserts that confirmation of an arbitrator's award is mandatory and that the union had to move for confirmation of the award within one year or else the award would not be confirmed as a judgment of the court. Further, the union argues that the exhaustion doctrine is inapplicable in this case because there is no adequate administrative remedy. Finally, the union avers that since the superior court and the labor board have concurrent jurisdiction, this court has jurisdiction to hear this action.
"[T]he Superior Court has concurrent jurisdiction with the state board CT Page 8037 of labor relations in certain labor disputes. . . ." Riley v.Bridgeport, 22 Conn. App. 402, 404, 577 A.2d 1099 (1990); see alsoFetterman v. University of Connecticut, 192 Conn. 539, 549, 473 A.2d 1176
(1984). "[O]nce a plaintiff elects to utilize the administrative process, she is thereafter constrained to exhausting the remedies available in the manner prescribed and may not initiate an independent civil action to adjudicate the same issues." Riley v. Bridgeport, supra,22 Conn. App. 404. Our Supreme Court has rejected the notion that any remedies available to a complainant through the state board of labor relations are exclusive. Fetterman v. University of Connecticut, supra,192 Conn. 557.
In Fetterman v. University of Connecticut, supra, the plaintiff brought an action in superior court against her union alleging that the union had violated General Statutes § 5-272 by failing to represent her fairly. Id., 541. The trial court dismissed the action on the ground that it lacked subject matter jurisdiction to hear the case because the plaintiff had failed to pursue and exhaust her administrative remedies. Id. On appeal, the Supreme Court concluded that the board's remedies were not exclusive and, therefore, that the trial court erred in dismissing the plaintiffs claim. Id., 557.
Relying on Fetterman, the Appellate Court, in Cianci v. ConnecticutCounsel, AFSCME, 8 Conn. App. 197, 512 A.2d 232 (1986), upheld the trial court's decision to dismiss the plaintiffs complaint. In Cianci, the plaintiff filed a complaint against her union with the state board of labor relations and, while the administrative proceedings were still pending, also brought a separate action in superior court alleging that the union had breached its duty of fair representation. Id., 198. The board dismissed the plaintiffs complaint and she did not appeal the board's decision. Id., 199. The plaintiff did, however, pursue her claim in superior court. Id. The superior court dismissed the plaintiffs action for lack of subject matter jurisdiction. Id.
The Appellate Court, in upholding the trial court's dismissal, distinguished Fetterman from the case before it by stating that "[b]ecause the plaintiff in Fetterman invoked only the trial court's concurrent jurisdiction over the subject matter of her complaint, she was not required to exhaust the administrative remedies initially available to her. In contrast, the plaintiff in the present action elected initially to proceed before the board . . . [and] did not invoke the court's concurrent jurisdiction." Id., 201. Thus, the plaintiff "was constrained to exhaust the remedies available in the manner prescribed. . . . She could not, subsequent to having initiated the administrative proceedings, bring an independent action to test the very issue which the statutory appeal was designed to test." Id., 201-02. CT Page 8038
The state argues that Fetterman and Cianci are distinguishable from the case at bar. The state contends that concurrent jurisdiction exists only in the context of a union's breach of its duty to fairly represent its members. This court finds the state's argument unpersuasive. The Supreme Court and Appellate Court decisions, that the labor board and superior courts have concurrent jurisdiction, are based on the fact that the remedies provided by the state labor board are not exclusive. Fettermanv. University of Connecticut, supra, 192 Conn. 557; Cianci v. ConnecticutCounsel, AFSCME, supra, 8 Conn. App. 200. These decisions are not based on the type of claim alleged by the complainant. Furthermore, as inFetterman, the union in this case has elected to proceed before the trial court and not the state labor relations board. Thus, the union has invoked the concurrent jurisdiction of this court and is not required to exhaust any administrative remedies provided by the state labor board. Accordingly, the state's motion to dismiss for lack of subject matter jurisdiction is denied.
It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT